UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED E. SHALLOWHORN, CDCR #P-13049,<br><br>                                Plaintiff,<br><br>vs.<br><br>J. CARRILLO; F. GUZMAN; NUNEZ; GALINDO; GODY; AGUIRRE; Y. CASTILLO; H. MOSELEY; D. ORANTES,<br><br>                                Defendants. | Case No.: 23-cv-02098-LL-DEB<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

Plaintiff Alfred E. Shallowhorn ("Plaintiff" or "Shallowhorn"), proceeding pro se, is currently incarcerated at Centinela State Prison ("CEN") located in Imperial, California, and has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. *See* "Compl." ECF No. 1. Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing, but instead has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

## MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a failure to prepay the entire fee only if leave to proceed IFP is granted pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1) & (4). The institution collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2). The plaintiff remains obligated to pay the entire fee in monthly installments regardless of whether their action is ultimately dismissed. *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

Plaintiff's inmate trust account statement shows average monthly deposits of $0.00 and an average monthly balance of $0.00 over the 6-months prior to initiating this suit, and an available balance of $0.00 at the time of filing. ECF No. 3 at 1. The Court **GRANTS** Plaintiff's Motion to Proceed IFP and declines to impose an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1) because his prison certificate indicates he may have no means to pay it. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner

---

[1] In addition to a $350 fee, civil litigants, other than those granted leave to proceed IFP, must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).

be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.")

## 28 U.S.C. §§ 1915(e)(2) & 1915A(b) SCREENING

### A.   Standard of Review

Because Plaintiff is a prisoner proceeding IFP, the Complaint requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) ("Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[T]he tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678.

1  Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**B.  Plaintiff's Factual Allegations**

Plaintiff's Complaint contains very few specific factual allegations but he has attached as an exhibit a copy of his administrative grievance, along with the responses to the grievance by CDCR officials and the results from his disciplinary hearing.

On May 27, 2023, a disciplinary hearing was conducted in which Plaintiff was charged with "possession of alcohol." Compl., Ex. C., Disciplinary Hearing Results, ECF No. 1 at 22-26,. Plaintiff was found guilty and lost thirty (30) days of phone, yard, recreation, dayroom, and packages privileges beginning on April 27, 2023. *Id.* at 24-25.

Plaintiff filed an administrative grievance on May 30, 2023 claiming Defendant Carrillo violated his due process rights because he allegedly did not restore Plaintiff's privileges on May 27, 2023. *See id.* at 19, Ex. B, Grievance Form CDCR 602-1 dated May 30, 2023, Log No. 405308. Plaintiff claims that Carrillo waited one extra day to restore his privileges and he lost thirty-one days (31) of privileges instead of his disciplinary sentence of thirty (30) days. *See id.* On September 24, 2023, the CDCR Office of Appeals Decision issued their response and denied Plaintiff's claim finding "no policies or procedures were violated as appellant's loss of day room privileges included the night of May 27, 2023." *Id.* at 12, Ex. A, Office of Appeals Decision dated September 24, 2023.

Plaintiff seeks injunctive relief, $100,000 in compensatory damages, and $1,000,000 in punitive damages. *See id.* at 9.

///
///
///

C.     Discussion

   1. Due Process Claims

The Fourteenth Amendment provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "To state a procedural due process claim, [a plaintiff] must allege '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (and) (3) lack of process.'" *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000), quoting *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). To state a substantive due process claim, Plaintiff must allege facts which plausibly show he was arbitrarily deprived of "a constitutionally protected life, liberty, or property interest." *Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008); *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006) ("Substantive due process protects individuals from arbitrary deprivation of their liberty by government.")

The Complaint does not contain facts which plausibly allege Plaintiff was denied procedural due process. "Under the Fourteenth Amendment's Due Process Clause, a prisoner is entitled to certain due process protections when he is charged with a disciplinary violation." *Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003), citing *Wolff v. McDonnell*, 418 U.S. 539, 564-571 (1974). A federally protected liberty interest arises where a sentence is exceeded in "an unexpected manner" or where an inmate is subject to restrictions that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). When a protected liberty interest arises due process requires prisoners be provided: (1) 24-hour advanced written notice of the charges, (2) a written statement from the factfinder which identifies the evidence relied on and the reasons for the action taken, (3) an opportunity "to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals," (4) assistance at the hearing if he is illiterate or the matter is complex, and (5) a "sufficiently impartial" factfinder. *Wolff*, 418 U.S. at 564-71.

Plaintiff's Complaint is far from clear but he appears to challenge his disciplinary hearing by claiming that there was no evidence to support the guilty finding. *See* Compl. at 6. As currently drafted, the Complaint does not plausibly allege a protected liberty interest was at stake in the disciplinary proceedings as necessary to give rise to the *Wolff* procedural protections. Plaintiff identifies the restrictions arising from his guilty finding as 30 days loss of phone, yard, dayroom, and package privileges based on the administrative grievance he filed. He further seems to claim that he lost one extra day of privileges. However, the Court finds that a loss of one extra day of privileges is insufficient to plausibly claim that he was subjected to "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 485-86; *see also e.g. Ojeda v. Sandoval*, No. 21cv7479-EMC, 2023 WL 2457410, at *2 (N.D. Cal. Mar. 9, 2023) (temporary loss of privileges insufficient to invoke a protected liberty interest), citing *Mahon v. Prunty*, 87 F.3d 1320 (9th Cir. 1996) (holding that temporary loss of privileges did not implicate a protected liberty interest under *Sandin*) (unpublished).

(b) *Substantive Due Process*

The Complaint also fails to state a claim for denial of substantive due process. Plaintiff's allegation that the Defendants reinstated his privileges one day after they were purportedly supposed to be reinstated, does not state a federal substantive due process claim. *See Brittain*, 451 F.3d at 996 ("[S]ubstantive due process secures individuals from 'arbitrary' government action that rises to the level of 'egregious conduct,' not from reasonable, though possibly erroneous, legal interpretation."). A one-day loss of privileges does not rise to the level of "egregious conduct." *Id*.

For all these reasons, the Court finds that Plaintiff has failed to state a Fourteenth Amendment due process claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A.

**2. Eighth Amendment Claim**

Plaintiff claims that the actions by Defendants failing to restore his privileges in a timely manner violated his Eighth Amendment rights. *See* Compl. at 7. Plaintiff alleges that he "felt kidnapped" which caused "stress, anxiety, and social displacement." *Id*.

To state an Eighth Amendment conditions of confinement claim, a prisoner must meet both an objective and subjective test. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). The objective prong requires showing that the alleged deprivation was "objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). This requires the prisoner to demonstrate "unquestioned and serious deprivations of basic human needs" or of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The subjective prong requires a "sufficiently culpable state of mind" through a showing of the prison officials' "deliberate indifference" to inmate health and safety. *Farmer*, 511 U.S. at 834.

There are no allegations in the Complaint which plausibly allege that any Defendant acted with deliberate indifference to a serious deprivation of a basic human need by allegedly causing a brief loss of privileges. *See Rhodes*, 452 U.S. at 346 ("[T]he Eighth Amendment prohibits punishments which, although not physically barbarous, 'involve the unnecessary and wanton infliction of pain.'"), quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976); *Wilson*, 501 U.S. at 298 ("[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment claim."), quoting *Rhodes*, 452 U.S. at 347.

Accordingly, the Court finds that Plaintiff has failed to state an Eighth Amendment claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A.

**3. Equal Protection Claim**

Plaintiff alleges that Defendants charged him with a disciplinary charge because they felt "some bias, prejudice" towards Plaintiff in violation of his right to equal protection. Compl. at 6.

These claims are best analyzed under the equal protection clause of the Fourteenth Amendment, which "commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To allege a claim of racial discrimination in violation of the equal

protection clause, Plaintiff must allege that Defendants "acted in a discriminatory manner and that the discrimination was intentional." *FDIC v. Henderson*, 940 F.2d 465, 471 (9th Cir. 1991) (citations omitted). "In order to state a § 1983 claim based on a violation of the equal protection clause of the Fourteenth Amendment, a plaintiff must establish that defendants acted with intentional discrimination against a class of inmates which includes plaintiff." *Parker v. Kramer*, No. CVF025117 AWIDLBP, 2005 WL 1343853, at *6 (E.D. Cal. Apr. 28, 2005) (citing *Lowe v. City of Monrovia*, 775 F.2d 998, 1010 (9th Cir. 1985); *Henderson*, 940 F.2d at 471)).

Plaintiff's racial discrimination claims fail because he has not alleged sufficient "factual content that allows the court to draw the reasonable inference that [Defendants are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiff's Complaint contains only "'labels and conclusions'" and "'naked assertion[s]' devoid of 'further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). Plaintiff fails to allege sufficient facts suggesting that Defendants acted in a discriminatory manner or that Plaintiff was treated differently from any other inmate, let alone that any discrimination or difference in treatment was intentional or based on race.

Accordingly, the Court finds that Plaintiff has failed to state a Fourteenth Amendment equal protection claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A.

### 4. Leave to Amend

In light of Plaintiff's pro se status, the Court grants him leave to amend his pleading to attempt to sufficiently allege a § 1983 claim if he can and if he wishes to attempt to do so. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

/ / /

/ / /

/ / /

# CONCLUSION

For the reasons set forth above, the Court:

1) **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2);

2) **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2);

3) **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov;

4) **DISMISSES** Plaintiff's Complaint *sua sponte* and with leave to amend in its entirety based on his failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)(1).

5) **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file a First Amended Complaint which cures the deficiencies of pleading noted in this Order. Plaintiff's First Amended Complaint must be complete by itself without reference to his original Complaint. Defendants not named and any claims not re-alleged in the First Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to timely file a First Amended Complaint, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage

of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED.**

Dated: December 18, 2023

_____
Honorable Linda Lopez
United States District Judge